# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEAN KARLO CONQUISTADOR, | : | |
| Plaintiff, | : | No. 3:19-cv-1471 (KAD) |
| | : | |
| v. | : | |
| | : | |
| ROLLIN COOK, et al., | : | |
| Defendants. | : | |

# INITIAL REVIEW ORDER

**Preliminary Statement**

Plaintiff, Jean Karlo Conquistador ("Conquistador"), currently confined at Bridgeport Correctional Center in Bridgeport, Connecticut, brings this action *pro se* pursuant to 42 U.S.C. § 1983. He describes his claims as deliberate indifference, retaliation, negligence, and inadequate medical treatment in violation of his rights under the First, Eighth, and Fourteenth Amendments. Conquistador names eight defendants: Commissioner Rollin Cook; an unnamed medical doctor at Garner Correctional Institution ("Garner"), Nurses April, Angel, and Susan Gomes at Garner; Deputy Warden Egan at Garner; and Nurses Doe 1 and Doe 2 at Bridgeport Correctional Center ("Bridgeport"). Conquistador seeks damages as well as declaratory and injunctive relief against the defendants in their individual and official capacities. The complaint was received on September 19, 2019, and Conquistador's motion to proceed *in forma pauperis* was granted on October 3, 2019.

On October 1, 2019, Conquistador filed a motion to amend his complaint purportedly to include omitted facts and claims. However, the Proposed Amended Complaint does not name

any of the defendants or claims included in this case. Rather it is a complaint dated June 25, 2019, bearing the case caption *Conquistador v. Lacerda*, No. 3:18-cv-685(KAD). It appears Conquistador filed the Proposed Amended Complaint in the wrong action.[1] To the extent he was seeking to bring the claims from the *Lacerda* case in this matter, his motion is DENIED. The Court considers only the original Complaint in this Order.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

---

[1] Conquistador has multiple cases pending before this Court.

**Allegations**

Conquistador was transferred to Garner on February 13, 2019. Doc. No. 1, ¶ 1. While there, he submitted numerous requests complaining of hemorrhoids. *Id.* ¶ 2. He was not prescribed suppositories until July 2019. *Id.* ¶ 3. He submitted multiple medical grievances but received no responses. *Id.* ¶ 4.

Nurses Susan Gomes, April, and Angel refused to see Conquistador at sick call for his hemorrhoids until July 2019. *Id.* ¶ 5. He threatened to file lawsuits if he did not receive adequate medical treatment. *Id.* ¶ 6. He told the defendants on numerous occasions that the suppositories were not working and that he needed to go to the hospital. *Id.* ¶ 7. He has not yet been taken to a hospital for a thorough examination. *Id.* ¶ 8. Nor has he yet been thoroughly examined by correctional medical staff. *Id.* ¶ 9.

On multiple occasions, Conquistador complained about an over-inflated external hemorrhoid that causes pain when he sits or lies on his back. Sleeping on his side provides the only relief from the pain. *Id.* ¶ 10.

Conquistador asked Officers Graham and Smith to call the medical unit at Bridgeport because he was experiencing pain. Nurses Doe 1 and Doe 2 told the officers that Conquistador should submit a request. *Id.* ¶ 11. As of September 18, 2019, Conquistador's external hemorrhoid increases a little in size every 3-4 days. *Id.* ¶ 12.

**Discussion**

Conquistador includes as defendants, Commissioner Cook, Deputy Warden Egan, an unnamed doctor and three nurses at Garner and two nurses at Bridgeport. The Department of Correction website indicates that Conquistador is currently incarcerated at Bridgeport and has

been so held as a pretrial detainee since August 30, 2019.

www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=341088 (last visited Oct. 7, 2019).

Conquistador was a sentenced prisoner while at Garner and is currently a pretrial detainee at Bridgeport.

**Deliberate Indifference to Serious Medical Needs**

Conquistador principally claims that the defendants were deliberately indifferent to his serious medical needs. Deliberate indifference claims by sentenced prisoners are considered under the Eighth Amendment while deliberate indifference claims for pretrial detainees are considered under the Fourteenth Amendment. *See Darnell v. Piniero*, 849 F.3d 17, 29 (2d Cir. 2017) (rights of pretrial detainees are considered under the Fourteenth Amendment while rights of sentenced prisoners are considered under the Eighth Amendment). Thus, the Court considers separately Conquistador's claims against defendants at Garner and Bridgeport.

**Eighth Amendment**

The Eighth Amendment forbids deliberate indifference to prisoners' serious medical needs. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). To state a claim for deliberate indifference to a serious medical need, Conquistador must show both that his need was serious, and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)).

There are both objective and subjective components to the deliberate indifference standard. Objectively, the alleged deprivation must be "sufficiently serious." *Spavone*, 719 F.3d at 138. The condition must produce death, degeneration or extreme pain. *See Hathaway v.*

4

*Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that is capable of causing death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000). The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

The defendants also must have been "subjectively reckless." *Spavone*, 719 F.3d at 138. They must have been actually aware of a substantial risk that Conquistador would suffer serious harm as a result of their actions or inactions. The defendants "need only be aware of the risk of harm, not intend harm." *Id.* Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See Salahuddin*, 467 F.3d at 279-80. Nor does a disagreement over the treatment provided show deliberate indifference. *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (citing *Chance v.*

5

*Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)).

Conquistador suffers from hemorrhoids. Most courts considering this issue have held that claims of hemorrhoids and rectal bleeding do not constitute a serious medical need to state an Eighth Amendment claim. *See Green v. Shaw*, No. 3:17-CV-00913 (CSH), 2019 WL 1427448, at *6 (D. Conn. Mar. 29, 2019) (collecting cases). Conquistador alleges that between February 2019 and July 2019, he requested treatment for hemorrhoids. Doc. No. 1 ¶¶ 1-5. He alleges further that, after July 2019, he repeatedly informed medical staff that the prescribed suppositories did not work and complained about an external hernia that caused pain when he sits or lies down on his back. Doc. No. 1 ¶¶ 7, 10. He also states that, currently, the external hernia currently is growing and notes that a hemorrhoid can become serious if not adequately treated. Id. ¶¶ 12-13.

Conquistador does not describe any serious effects of the hemorrhoids when he first sought treatment in February 2019, or even when suppositories were prescribed in July 2019. Thus, although hemorrhoids cause discomfort, which the Court does not minimize, the facts alleged do not show that Conquistador had a serious medical need at least through July 2019. Even after July 2019, Conquistador only complained about pain in certain positions. In *Muhammad v. New York Dep't of Corrs.*, No. 10 Civ. 1707, 2011 WL 797506 (S.D.N.Y. Feb. 3, 2011), the court found a serious medical need where a surgeon had prescribed a treatment plan, which correctional staff did not follow, and the inmate's condition "made it 'practically impossible' for him to use the bathroom" and caused chronic weakness. *Id.* at *1. As Conquistador has not alleged facts demonstrating that his condition rose to this or a comparable level, he has not alleged a serious medical need while confined at Garner. The Eighth

6

Amendment deliberate indifference claims against the unnamed medical doctor and Nurses April, Angel, and Susan Gomes are dismissed without prejudice.

### Fourteenth Amendment

Claims of pretrial detainees are evaluated under the Fourteenth Amendment Due Process Clause. In *Darnell*, the court considered a conditions of confinement claim. 849 F.3d at 30. The court suggested, however, that the same standard would apply to all due process claims by pretrial detainees. *Id.* at 33-34. Following *Darnell,* the court has applied this standard to a variety of claims including claims for deliberate indifference to serious medical needs. *See, e.g., Valdiviezo v. Boyer*, 752 F. App'x 29, 32-33 (2d Cir. 2018) (*Darnell* standard applies to claims for deliberate indifference to serious medical needs).

Under the Fourteenth Amendment, to state a claim for deliberate indifference to serious medical needs, a pretrial detainee must meet a two-prong test. The first prong is the same as for claims analyzed under the Eighth Amendment – that the plaintiff had a sufficiently serious medical need. The second prong is different however for pretrial detainees. Under the Fourteenth Amendment the *mens rea* prong is defined objectively. *Darnell*, 849 F.3d at 35. "[T]he pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* Negligence is insufficient to satisfy this component. *Id.* at 36 (detainee must show that defendant acted recklessly or intentionally, not merely negligently).

Conquistador alleges that, currently, he has an external hemorrhoid that is growing every

7

3-4 days. Doc. No. 1 ¶ 12. The Court cannot ascertain whether this new development is sufficient to constitute a serious medical need to support a deliberate indifference claim. The Court need not decide this issue, however, because Conquistador failed to allege facts to support the *mens rea* prong of the deliberate indifference standard against Nurses Doe 1 and Doe 2.

Conquistador alleges only that when he asked correctional staff to call the medical unit because he was experiencing pain, the nurses said that Conquistador should submit a written sick call request. *Id.* ¶ 11. Conquistador does not allege that these nurses were aware of the cause of his pain, the intensity of his pain, the impact of the pain on his functioning or daily activities, or that he suffered from a condition that posed an excessive risk to his health if not addressed immediately. And at best, Conquistador alleges that these nurses only denied **immediate** treatment, not all treatment. Conquistador's allegations suggest at most negligence which is not cognizable under section 1983. Although arising in the context of an Eighth Amendment deliberate indifference claim, the Second Circuit has held that "a delay in treatment based on a bad diagnosis or erroneous calculus of risks and costs, or a mistaken decision not to treat based on an erroneous view that the condition is benign or trivial" constitutes only malpractice. *Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir. 2000). *See, also, Womack v. Makay*, No. 02 CV 390, 2005 WL 2338869, at *4 (W.D.N.Y. Sept. 23, 2005) ("Even accepting plaintiff's contentions as true, he suffered pain, swelling, numbness, and lacerations on the injured arm, these symptoms, by themselves, do not meet the objective standard for deliberate indifference for the nurses' failure to immediately treat plaintiff."). The deliberate indifference claims against Nurses Doe 1 and Doe 2 are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Retaliation**

8

To state a retaliation claim, Conquistador must allege facts showing "(1) that the speech or conduct at issue was protected. (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (internal quotation marks and citations omitted). Although Conquistador incants the word "retaliation" in his complaint, he does not, in any fashion, provide a factual narrative of any such claim. Notwithstanding, the Court shall construe the allegations as attempting to so. The claim appears to apply to the Garner defendants only.

Conquistador alleges that he filed grievances when his medical needs were not being met. Filing grievances is protected activity. *See Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996) (seeking redress of grievances in judicial or administrative forum is protected activity). In addition, the denial of medical treatment for a period of time is considered adverse action. *See Otluosin v. Lee*, No. 14-cv-685(NSR), 2016 WL 2899275, at *10 & n.5 (S.D.N.Y. May 16, 2016) (denying motion to dismiss First Amendment retaliation claim where one of the alleged adverse actions was delay in providing inmate care for his injured eye after a fight and stating "general allegations of denial of medical care are sufficient to allege an adverse action").

There are no allegations however, nor is it a reasonable inference from the allegations included, that the medical treatment was withheld **because of** the grievances. To the contrary, Conquistador alleges that he filed grievances because he was not provided medical treatment, not that treatment was denied because he had previously filed grievances. Thus, the complaint does not contain a plausible retaliation claim and any such claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

9

**Supervisory Liability**

Conquistador includes as defendants Commissioner Cook and Deputy Warden Egan, both supervisory officials.

> To state a claim for supervisory liability, a plaintiff must establish that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the constitutional violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which the unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference … by failing to act on information indicating that unconstitutional acts were occurring.

*Shaw v. Prindle*, 661 F. App'x 16, 18 (2d Cir. 2016) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)); *see also Merriwether v. Coughlin*, 879 F.2d 1037, 1048 (2d Cir. 1989) (to impose supervisory liability prisoner must allege that official had actual or constructive notice of unconstitutional practices and demonstrated gross negligence or deliberate indifference by failing to act).

Conquistador does not allege that he personally informed either defendant about his medical needs or that they were involved in any way in the provision of medical care. Absent allegations showing that either defendant was aware of the issues underlying this action, Conquistador fails to state a claim against defendants Cook and Egan. The claims against them are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Request for Damages**

Conquistador seeks damages but does not specify whether he seeks damages from the defendants in their individual or official capacities. The Eleventh Amendment bars claims for damages against state officials in their official capacities unless the state has waived this

immunity or Congress has abrogated it. *Kentucky v. Graham*, 473 U.S. 159, 169 (1995). Section 1983 does not abrogate state sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 343 (1979), and Conquistador has alleged no facts suggesting that Connecticut has waived this immunity. Accordingly, all claims for damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

**Orders**

Conquistador's motion to amend [**Doc. No. 6**] is **DENIED**.

For all the foregoing reasons, the Fourteenth Amendment deliberate indifference claims against defendants Nurse Doe 1 and Nurse Doe 2, the supervisory liability claims against defendants Cook and Egan, and any claims for damages against the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The Eighth Amendment deliberate indifference and First Amendment retaliation claims against the unnamed medical doctor, and Nurses April, Angela, and Susan Gomes are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Conquistador may file an amended complaint addressing these two claims provided he can allege facts addressing the deficiencies in the claims identified in this Order. Any amended complaint shall be filed on or before November 4, 2019 using the Prisoner Efiling Program.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of October 2019.

/s/
Kari A. Dooley
United States District Judge