UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| JEAN KARLO CONQUISTADOR, | : | |
|     Plaintiff, | : | No. 3:19-cv-1471 (KAD) |
| | : | |
| v. | : | |
| | : | |
| ROLLIN COOK, et al., | : | |
|     Defendants. | : | |
| | : | |

**INITIAL REVIEW ORDER-AMENDED COMPLAINT**

Plaintiff, Jean Karlo Conquistador ("Conquistador"), filed this civil rights action while he was incarcerated. On October 8, 2019, the court filed an Initial Review Order dismissing the complaint without prejudice to the filing of an amended complaint asserting claims for deliberate indifference to medical needs and retaliation. Doc. No. 8. Conquistador filed a Second Motion to Amend and an Amended Complaint pursuant to the court's final order permitting him to do so. Doc. No. 24. Therein, he asserts claims for deliberate indifference to medical needs, retaliation, medical negligence, and malpractice and names ten defendants: Commissioner Rollin Cook, Medical Doctor at Garner Correctional Institution ("Garner"), Director of Medical Services Kathleen Maurer, Nurse April, Nurse Angel, Nurse Susan Gomes, Deputy Warden Egan, Correctional Captain Hughes, Nurse Doe 1, and Nurse Doe 2. Conquistador identifies all defendants except Commissioner Cook and Director Maurer as working at Garner. He seeks damages and declaratory relief. For the following reasons, Conquistador's motion is granted but the Amended Complaint is dismissed.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.[1]  *Id.*  In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

Conquistador was transferred to Garner on February 13, 2019.  Doc. No. 25 ¶ 1.  While there, he submitted numerous requests complaining of hemorrhoids.  *Id.* ¶ 2.  The hemorrhoids caused Conquistador to experience pain from February 2019 through November 2019. *Id.* ¶ 3. He was not prescribed suppositories until July 2019.  *Id.* ¶ 4.  Conquistador was examined for

---

[1] Although Conquistador has been released from custody, he is still considered a prisoner for purposes of reviewing the Amended Complaint because he was incarcerated when he commenced this action.  *See, e.g., Rogers v. New York City Police Dep't*, No. 12 CV 3042(CBA)(MG), 2012 WL 4863161, at *1 n.3 (E.D.N.Y. Oct. 12, 2012) (plaintiff who has been released from custody is still considered a prisoner under section 1915A if he was incarcerated when he filed the case); *Gibson v. Commissioner of Mental Health*, No. 04-cv-4350(SAS), 2006 WL 1234971, at *3 (S,D.N.Y. May 8, 2006) ("[C]ourts have determined that the PLRA does apply to a prisoner who filed a suit during his confinement and thereafter was released from prison.").

hemorrhoids in September 2019.  *Id.* ¶ 5.  At that time, Doctor Vicki Blumberg confirmed that Conquistador had hemorrhoids.  *Id.* ¶ 6.

Conquistador submitted multiple medical grievances but received no responses.  *Id.* ¶ 7.  Nurses Susan Gomes, April, and Angel denied his sick call requests.  *Id.* ¶ 8.  He was finally seen at sick call in July 2019.  *Id.* ¶ 9.  The doctor prescribed suppositories without examining him.  *Id.* ¶ 12.  Conquistador threatened to file lawsuits if he did not receive adequate medical treatment.  *Id.* ¶ 10.  He told the defendants on numerous occasions that the suppositories were not working and that he needed to go to the hospital.  *Id.* ¶ 11.

In August 2019, Defendants Hughes and Egan were touring the housing unit.  *Id.* ¶ 13.  Conquistador told them that he was experiencing bleeding from his rectum and showed them toilet paper with blood on it.  *Id.*  They did not take his concerns seriously.  *Id.*  On one occasion, Conquistador showed Amonda Hannah and Michael Calderon, who are not defendants in this case, toilet paper with blood on it.  *Id.* ¶ 14.  Conquistador also showed toilet paper with blood on it to defendants April, Angel, and Gomes, each on one occasion.  *Id.* ¶¶ 15-17.  On several occasions, Conquistador showed unidentified correctional guards and supervisors toilet paper with blood on it.  *Id.* ¶¶ 18-19.  Conquistador sent several requests or complaints to defendants Cook and Maurer regarding the lack of treatment for his hemorrhoids and the failure to process his grievances.  *Id.* ¶ 20.  He received no response.  *Id.*

On August 30, 2019, [2] Conquistador was transferred to Bridgeport Correctional Center ("Bridgeport").  *Id.* ¶ 21.  About the same time, Conquistador's suppository prescription was

---

[2] Conquistador alleges that he was transferred on August 30, 2020.  The court assumes that he intended to state 2019 as he filed the Amended Complaint on July 27, 2020.

discontinued.  *Id.* ¶ 22.  Conquistador asked correctional officers Smith and Graham to call the Bridgeport medical unit and report his complaints of pain in his rectum.  *Id.* ¶ 23.  Defendants Doe One and Doe Two, who are identified as nurses at Garner, allegedly told officers Smith and Graham at Bridgeport that Conquistador should submit a sick call request.  *Id.* ¶ 24.  Plaintiff's hemorrhoid worsened and was becoming a noticeable external lump.  *Id.* ¶ 25.

Conquistador submitted multiple requests to the medical unit at Bridgeport complaining about the discontinuance of the suppository prescription and seeking medical treatment for the hemorrhoids.  *Id.* ¶ 26.  He also filed many grievances at Bridgeport and threatened to file a lawsuit if he did not receive timely responses to his medical requests and grievances.  *Id.* ¶¶ 27-28.

On an unspecified date, Conquistador spoke with Dr. Vicki Blunberg about his issues.  *Id.* ¶ 29.  Conquistador alleges that Dr. Blumberg told him that the nurse handling medical grievances at Bridgeport was not familiar with the procedure.  *Id.*  On another date, which the court assumes is in September 2019 as Conquistador previously alleged, Dr. Blumberg examined Conquistador and confirmed that he had a large external lump caused by issues with his hemorrhoids.  *Id.* ¶¶ 30-31.  She prescribed witch hazel pads and hemorrhoid cream.  *Id.* ¶ 32.  At times, Conquistador had to wait two or three weeks to get a refill of the prescriptions.  *Id.* ¶ 33.  He filed grievances about the delay.  *Id.* ¶ 34.

From February through November 2019, Conquistador experienced severe pain from the hemorrhoids.  *Id.* ¶ 35.  He was not treated for five months and was not seen by a doctor for seven months.  *Id.* ¶¶ 36-37.

**Discussion**

Conquistador identifies his legal claims as deliberate indifference, retaliation, medical negligence, and malpractice in violation of his First, Eighth, and Fourteenth Amendment rights. Although he references only federal law, listing only 28 U.S.C. §§ 1331 and 1343(3) in his jurisdictional statement, Conquistador seeks declarations that the defendants violated his rights under the federal constitution and state law. The court therefore construes the Amended Complaint as including both federal and state law claims.

**Deliberate Indifference to Serious Medical Needs**

Conquistador first claims that the defendants were deliberately indifferent to his serious medical needs. Deliberate indifference claims by sentenced prisoners are considered under the Eighth Amendment while deliberate indifference claims for pretrial detainees are considered under the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (rights of pretrial detainees are considered under the Fourteenth Amendment while rights of sentenced prisoners are considered under the Eighth Amendment).

In the Initial Review Order, the court determined from records then available on the Department of Correction website, that Conquistador was a sentenced prisoner while he was confined at Garner and a pretrial detainee while confined at Bridgeport. *See* Doc. No. 8 at 3-4. Although Conquistador describes his hemorrhoid issues at both Garner and Bridgeport, he does not name any Bridgeport personnel as defendants. Thus, the court considers the deliberate indifference claims as relating only to the period when he was confined at Garner as a sentenced inmate.

The Eighth Amendment forbids deliberate indifference to prisoners' serious medical

5

needs. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). To state a claim for deliberate indifference to a serious medical need, Conquistador must show both that his need was serious, and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

There are both objective and subjective components to the deliberate indifference standard. Objectively, the alleged deprivation must be "sufficiently serious." *Spavone*, 719 F.3d at 138. The condition must produce death, degeneration or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that is capable of causing death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000). The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698,

702 (2d Cir. 1998).  When evaluating the seriousness of a medical condition, the court must consider the plaintiff's condition at the time he was seen by the defendants.  *See El-Hanafi v. United States*, No. 1:13-cv-2072-GHW, 2015 WL 72804, at *15 (S.D.N.Y. Jan. 6, 2015) (dismissing deliberate indifference claim against doctor because plaintiff did not allege facts showing that his condition "was objectively sufficiently serious at the time he saw" the doctor).

The defendants also must have been "subjectively reckless."  *Spavone*, 719 F.3d at 138.  They must have been actually aware of a substantial risk that the prisoner would suffer serious harm as a result of their actions or inactions.  The defendants "need only be aware of the risk of harm, not intend harm."  *Id.*  Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983.  *See Salahuddin*, 467 F.3d at 279-80.  Nor does a disagreement over the treatment provided show deliberate indifference.  *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (citing *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)).

Conquistador suffers from hemorrhoids.  Most courts considering this issue have held hemorrhoids and rectal bleeding do not constitute a serious medical need for purposes of the Eighth Amendment.  *See Green v. Shaw*, No. 3:17-CV-00913 (CSH), 2019 WL 1427448, at *6 (D. Conn. Mar. 29, 2019) (citing cases).  Conquistador alleges that between February 2019 and July 2019, he requested treatment for hemorrhoids and showed each defendant, April, Angel., Gomes, Smith, and Hughes, toilet paper containing blood on one occasion.  He alleges further that, after July 2019, he told defendants April, Angel, and Gomes several times that the suppositories were not working and asked to be seen by a doctor.  Although Conquistador alleges that the hemorrhoid caused him to experience pain, which the court does not minimize, he does

7

not describe any effect on his daily activities.  Further, although he alleges that the hemorrhoid worsened after his transfer to Bridgeport, he was not diagnosed with any complication and his hemorrhoids were treated with witch hazel pads and cream only.

The court previously dismissed the Eighth Amendment deliberate indifference claim because Conquistador failed to allege facts showing that he suffered from a serious medical need while confined at Garner.  The Amended Complaint fails to allege facts to correct that deficiency.  Nor has he alleged facts suggesting that any defendant appreciated that Conquistador would suffer serious harm as a result of their inactions.  The Eighth Amendment deliberate indifference claim is dismissed.

Conquistador first the nurses Doe as working at Garner.  In his allegations however, he alleges that the nurses Doe told correctional officers at Bridgeport to have Conquistador submit a request for treatment and that these nurses worked at Bridgeport.  Even if that is correct, Conquistador fails to state a plausible claim against them.  In the Initial Review Order, the court considered this allegation under the Fourteenth Amendment deliberate indifference standard and determined that Conquistador failed to state a plausible deliberate indifference claim against the nurses Doe.  Doc. No. 8 at 8.  As Conquistador includes the same allegation in the Amended Complaint, any Fourteenth Amendment claim against the nurses Doe is dismissed for the reasons stated in the Initial Review Order.

**Retaliation**

To state a retaliation claim, Conquistador must allege facts demonstrating "(1) that the speech or conduct at issue was protected. (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse

action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (internal quotation marks and citations omitted).

Filing grievances is protected activity. *See Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996) (seeking redress of grievances in judicial or administrative forum is protected activity). In addition, the denial of medical treatment for a period of time may be considered adverse action. *See Olutosin v. Lee*, No. 14-cv-685(NSR), 2016 WL 2899275, at *10 & n.5 (S.D.N.Y. May 16, 2016) (denying motion to dismiss First Amendment retaliation claim where one of the alleged adverse actions was delay in providing inmate care for his injured eye after a fight and stating "general allegations of denial of medical care are sufficient to allege an adverse action").

However, as the court explained in the Initial Review Order, Conquistador fails to allege facts showing that he was denied medical care because he filed grievances. Instead, he alleges that he filed grievances because he was not provided medical treatment. Despite being informed of the lack of allegations establishing the causal connection, Conquistador alleges no new facts addressing the issue. As he failed to correct the deficiency in his retaliation claim, the retaliation claim is dismissed.

**Supervisory Liability**

Conquistador includes as defendants Commissioner Cook, Director Maurer, and Deputy Warden Egan, all supervisory officials. He alleges that he spoke to Deputy Warden Egan and wrote requests or complaints to Commissioner Cook and Director Maurer while he was at Garner.

Where the court has dismissed the underlying constitutional claims, a claim for supervisory liability based on the same facts is not cognizable. *Lawrence v. Evans*, 669 F. App'x 27, 28 (2d Cir. 2016); *Raspardo v. Carlone*, 770 F.3d 97, 127 (2d Cir. 2014) ("Liability cannot be imputed to [the supervisor] without an underlying constitutional violation."). As the court has dismissed Conquistador's claims for deliberate indifference to medical needs and retaliation, he cannot state a plausible claim for supervisory liability.

**Conclusion**

Conquistador's Second Motion to Amend [**Doc. No. 25**] is **GRANTED**. For all the foregoing reasons, the federal claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). As all federal claims have been dismissed, the court declined to exercise supplemental jurisdiction over any supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3) (if federal court dismisses all federal claims, it should decline to exercise supplemental jurisdiction over supplemental state law claims); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (citing cases).

The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of August 2020.

/s/
Kari A. Dooley
United States District Judge